UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Selective Insurance Company of America, a New Jersey corporation<br><br>Plaintiff,<br><br>v.<br><br>Smart Candle, LLC, a Minnesota limited liability company,<br><br>Defendant. | Court File No:_____<br><br>**COMPLAINT** |

Selective Insurance Company of America, a New Jersey corporation (hereinafter referred to as "Selective"), by and through its attorneys, and for its Complaint, states and alleges as follows:

## PARTIES

1. Selective is a New Jersey corporation with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey, 07890. Selective is authorized to do business in the State of Minnesota.

2. Smart Candle, LLC (hereinafter referred to as "Smart Candle"), is a limited liability company, organized under the laws of Minnesota, with a business address of 1701 West Ninety-Fourth Street, Suite 100, Bloomington, Minnesota, 55431. Smart Candle is in the business of distributing Light-Emitting Diode (LED) flameless candles and commercial lighting systems on a global scale.

2134418

## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201. It involves the interpretation and application of a liability insurance policy issued by Selective to Smart Candle and the rights and duties of the parties in relation thereto. All necessary parties have been joined to this action, and there is an actual controversy about what coverage the policy provides.

4. For the relevant policy period of October 18, 2010 through October 18, 2012, Selective insured Smart Candle under policy number S 1744104 (hereinafter referred to as the "Selective Policy"). During the October 18, 2010 through October 18, 2011 policy period, the Selective Policy contained a general liability coverage part subject to a $1,000,000 per Occurrence Limit and an Umbrella per Occurrence Limit of $2,000,000. A true and correct copy of the Selective Policy is attached hereto as Exhibit "A".

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C § 1332, because the matter in controversy exceeds the sum of $75,000, and because the parties are citizens of different states.

6. This Court has personal jurisdiction over the Smart Candle because it is a Minnesota Corporation, doing business in Minnesota.

7. Venue is proper, pursuant to 28 U.S.C. § 1391, because Smart Candle is a Minnesota Corporation doing business in Minnesota, and because the events and/or omissions giving rise to this action occurred in the District.

8. This Court has the power to grant the relief sought by Selective, pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE CLAIMS OF EXCELL CONSUMER PRODUCTS, LTD.

9. Based upon information and belief, Excell Consumer Products, Ltd. (hereinafter referred to as "Excell Consumer Products") is a limited liability company, organized under the laws of the United Kingdom, with a principal place of business located at Unit A1, Fairacres Industrial Estate, Dedworth Road, Windsor, Berkshire SL4 4LE.

10. Based upon information and belief, Structural Integrity Property Services, LLC (hereinafter referred to as "Structural Integrity Property Services") is an inactive limited liability company that was organized under the laws of the State of Minnesota, with a former place of business at 1701 West Ninety-Fourth Street, Suite 100, Bloomington, Minnesota, 55431.

11. Based upon information and belief, on or about April 13, 2011, Structural Integrity Property Services merged into SIPS Acquisition Company, LLC (hereinafter referred to as "SIPS"), which ultimately changed its name to Smart Candle.

12. Based upon information and belief, in August 2004, Shane C. Vail and Joshua D. Kutzler were employees of Rasmussen Import Company (hereinafter referred to as "Rasmussen"), a Minnesota corporation, with its principal place of business located at 5501 Dewey Hill Road, Suite 232, Edina, Minnesota, 55439. In or about 2004, Mr. Vail and Mr. Kutzler allegedly approached Excell Consumer Products to establish a business relationship, relating to the marketing, sales, promotional activity and distribution of a battery-operated electronic controlled light that simulates the flame of a wax candle (hereinafter referred to as the "SMART CANDLE") in the United States.

13. On or about October 13, 2011, Excell Consumer Products served and filed a Complaint against Smart Candle and SIPS  Thereafter, on or about November 30, 2011, Excell Consumer Products served and filed an Amended Complaint against Smart Candle and SIPS, alleging the following causes of action: (1) Unfair Competition under the Federal Lanham Act, 15 U.S.C. § 1125(a); (2) Willful Unfair Competition under the Federal Lanham Act, 15 U.S.C. § 1125(a)); (3) Unfair Business Practices under N.Y. Gen. Bus. Law § 349; (4) Unfair Competition under New York Law; and (5) False or Fraudulent Registration, 15 U.S.C. § 1120. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "B".

14. The Amended Complaint alleges, among other things, that Smart Candle and/or SIPS sold and commence promotional activity, without authorization, of products marked

SMART CANDLE, and used, without authorization the trade name, domain name, and trademark SMART CANDLE.

15. In the Amended Complaint, Excell Consumer Products seeks to permanently enjoin Smart Candle and/or SIPS from using the trademark and trade name SMART CANDLE and the domain name SMARTCANDLE.COM, as well as any trademark that imitates or is confusingly similar to the trademark and trade name SMART CANDLE. The Amended Complaint additionally requests that the underlying court order Smart Candle and/or SIPS to deliver for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or control of Smart Candle and/or SIPS, which bears a trademark found to infringe on the trademark rights of Excell Consumer Products. Finally, the Amended Complaint asks that the underlying court order the cancellation of United States Trademark Registrations Nos. 3,155,669 and 3,762,634 and otherwise rectify the trademark register with respect to such registrations.

16. After reviewing the facts of the aforementioned loss, the Selective policy, and performing additional investigation, Selective concluded that any presently asserted or potential claims against Smart Candle related to or arising out of Excell Consumer Products' Amended Complaint are not covered by the Selective policy.

17. In accordance with its conclusion as set forth in ¶ 16, above, Selective informed Smart Candle of its decision by way of a January 12, 2012, letter that set forth the basis for Selective's declination of coverage under a reservation of rights.

18. Thereafter, on March 8, 2013, Selective sent to Smart Candle a supplemental declination of coverage letter, under a reservation of rights., A true and correct copy of the January 12, 2012 and March 8, 2013 Coverage Disclaimer letters are attached hereto as Exhibits B & C, respectively.

## **COUNT I - DECLARATORY JUDGMENT**

19. Selective hereby incorporates all preceding paragraphs.

20. An actionable controversy exists between Selective and Smart Candle concerning Selective's obligations, if any, under the Selective Policy, justifying a determination of the rights of the parties by this Court, pursuant to the Federal Declaratory Judgment Act.

21. Selective seeks a declaration on the defense obligation, if any, it has to Smart Candle for the damages that may be awarded against Smart Candle in the underlying trademark litigation.

22. Selective seeks a declaration on the indemnity obligation, if any, it has to Smart Candle for the damages that may be awarded against Smart Candle in the underlying trademark litigation.

23. Selective seeks a declaration that all or some of the causes of action alleged against Smart Candle in the underlying action – as well as damages that Smart Candle may be entitled to are not claims and/or damages that are covered under the Selective Policy.

24. Selective seeks a declaration that it has no duty to defend and/or indemnify Smart Candle to the extent that some or all of the claims in the Amended Complaint do not constitute a "Personal and Advertising Injury" as defined in the Selective Policy.

25. Selective seeks a declaration that it has no duty to defend and/or indemnify Smart Candle to the extent that some or all of the damages that may be awarded against Smart Candle arise out of the infringement of patent, trademark, trade secret or other intellectual property rights. Specifically:

   a. Pursuant to **Exclusion p12** the Selective policy excludes coverage for any "Personal and Advertising Injury" that arises out of the infringement of patent, trademark, trade secret or other intellectual property rights;

   b. Pursuant to **Exclusion p13** the policy excludes coverage for "Personal and Advertising Injury" that arises out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

WHEREFORE, Selective respectfully requests an Order and Judgment of this Court declaring, determining and providing as follows:

1. Declaring and determining that pursuant to the aforementioned exclusions contained in its policy, Selective does not owe Smart Candle a defense or indemnification for the claims being asserted against it, or which may be asserted against it by Excell Consumer Products in the underlying litigation.

2. Awarding Selective its costs and disbursements herein and such other and further relief as may be deemed just under the circumstances.

2134418

|  |  |
|---|---|
| Dated: April 16, 2013 | ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.<br><br>/s/ William A. LeMire<br>_____<br>William A. LeMire (#20304X)<br>Christina E. VonderHaar (#0391876)<br>500 Young Quinlan Building<br>81 South Ninth Street<br>Minneapolis, MN 55402-3214<br>(612) 339-3500<br><br>*Attorneys for Plaintiff Selective Insurance Company of America, a New Jersey corporation* |

2134418