```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 13-878(DSD/JSM)
```

Selective Insurance Company
of America, a New Jersey
corporation,

        Plaintiff,

v.                                              **ORDER**

Smart Candle, LLC, a Minnesota
limited liability company,

        Defendant.

    William A. LeMire, Esq. and Arthur, Chapman, Kettering, Smetak & Pikala, PA, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402, counsel for plaintiff.

    Peter J. Gleekel, Esq., Bradley J. Walz, Esq. and Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motions by plaintiff Selective Insurance Company of America (Selective) for summary judgment and by defendant Smart Candle, LLC (Smart Candle) for partial summary judgment. Selective also moves to strike as untimely the reply memorandum submitted by Smart Candle in support of its motion. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion to strike and grants the motion by Selective for summary judgment.

**BACKGROUND**

This insurance-coverage dispute arises out of a lawsuit (Underlying Action) between non-party Excell Consumer Products Ltd. (Excell) and Smart Candle.[1] On November 30, 2011, Excell filed the Underlying Action, alleging (1) unfair competition under the Lanham Act, (2) unfair business practices under New York law, (3) unfair competition under New York law and (4) false or fraudulent registration. Am. Compl. Ex. B, at ¶¶ 34-90. Excell alleged that Smart Candle sold products bearing the trademark, corporate name and trade name "Smart Candle" and used the domain name "smartcandle.com." Id. ¶ 29. Excell also sought to enjoin Smart Candle from such use. Id. at Prayer for Relief.

Selective insured Smart Candle at all times relevant to the Underlying Action. See VonderHaar Aff. Exs. 5, 6. Selective provided liability coverage through both the "Businessowners Coverage" and "Commercial Umbrella Coverage" sections of policy S1744104 (Policy). The Businessowners Coverage section provided that Selective "will pay those sums that [Smart Candle] becomes legally obligated to pay as damages because of ... 'personal and

---

[1] Excell also named Structural Integrity Property Services, LLC (Structural), an inactive Minnesota limited liability company, as a defendant in the Underlying Action. Am. Compl. Ex. B, at ¶ 2. In 2011, Structural merged with two other Minnesota companies, and the resulting entity was Smart Candle. Id. at ¶ 4. The court refers to the defendants in the Underlying Action collectively as "Smart Candle."

advertising injury'[2] .... [Selective] will have the right and duty to defend [Smart Candle] against any suit seeking those damages." See, e.g., VonderHaar Aff. Ex. 5, at BP00030110-31 (internal quotation marks omitted).  Similarly, the Commercial Umbrella Coverage section stated that Selective "will pay on behalf of [Smart Candle] the ... loss in excess of the retained limit that [Smart Candle] becomes legally obligated to pay as damages because of ... 'personal and advertising injury' .... [Selective] will have the right and duty to defend [Smart Candle] against any suit seeking those damages ...."   See, e.g., id. at CXL40403-1 (internal quotation marks omitted).

The Policy expressly excludes coverage under both the Businessowners and Commercial Umbrella Coverage components for personal and advertising injury that arises "out of the infringement of ... trademark ... or other intellectual property rights," but clarifies that coverage remains for the "infringement in your advertisement of copyright, trade dress or slogan." See, e.g., id. at BP00030110-38, CXL40403-4 (internal quotation marks omitted). The Policy also excludes coverage for "personal and advertising injury" that arises "out of the unauthorized use of another's name or product in [Smart Candle's] ... domain name ... or any other

---

[2] The Policy defines "personal and advertising injury" as injury "arising out of ... infring[ement] upon another's copyright, trade dress or slogan in your advertisement."  See, e.g., VonderHaar Aff. Ex. 5, at BP00030110-45 (internal quotation marks omitted).  "Slogan" is not defined in the Policy.

similar tactics to mislead another's potential customers." See, e.g., id. at BP00030110-38.

On October 28, 2011, Smart Candle tendered the Underlying Action to Selective. VonderHaar Aff. Ex. 2. On January 12, 2012, Selective informed Smart Candle that the claims were not covered by the Policy. Am. Compl. Ex. C. On November 20, 2012, and November 28, 2012, Smart Candle renewed and reiterated its request that Selective defend Smart Candle in the Underlying Action. VonderHaar Aff. Exs. 3, 4. On March 8, 2013, Selective again disclaimed any duty to defend Smart Candle. Am. Compl. Ex. D.

On April 16, 2013, prior to resolution of the Underlying Action, Selective filed this action, seeking a declaration that it had no duty to defend or indemnify Smart Candle. Smart Candle counterclaimed on May 13, 2013, and requested a declaration that Selective was obligated to defend and indemnify Smart Candle. Selective moved for summary judgment, and Smart Candle moved for partial summary judgment.[3]

---

[3] On August 22, 2013, Smart Candle filed a reply memorandum in support of its motion for partial summary judgment. ECF No. 28. Pursuant to the pretrial scheduling order, however, all dispositive motions and supporting memoranda were required to be served and filed by August 16, 2013. ECF No. 13, at ¶ 4. The court notes that the error was inadvertent and that Selective does not argue that it has been prejudiced. See ECF No. 30. Where a party fails to timely file and serve a memorandum of law, the court may take action that it considers appropriate. D. Minn. LR 7.1(g)(6). Here, it is appropriate to consider the reply memorandum, and denial of Selective's motion to strike is warranted.

**DISCUSSION**

### I.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II.  Insurance Coverage**

"State law governs the interpretation of insurance policies." Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc., 346 F.3d 1160, 1164 (8th Cir. 2003) (citation omitted).  Here, the parties agree that Minnesota law governs this action.  Under Minnesota law, in an action in which an insured seeks a declaratory judgment that an insurer has a duty to defend, "[a]ny ambiguity as to coverage at the pretrial stage is to be resolved in favor of the insured." Bituminous Cas. Corp. v. Bartlett, 240 N.W.2d 310, 312 (Minn. 1976), overruled on other grounds by Prahm v. Rupp Constr. Co., 277 N.W.2d 389 (Minn. 1979).  "Under Minnesota law, an insurer's duty to defend a suit alleging an advertising injury is triggered if the advertising injury occurs during the course of the insured's advertising activities, if the injury arguably falls within the insurance policy's defined scope of advertising injury coverage, and if none of the policy's exclusions negates coverage." Callas Enters., Inc. v. Travelers Indem. Co. of Am., 193 F.3d 952, 955 (8th Cir. 1999) (citations omitted).  However, "where the insurer has no knowledge to the contrary, it may make an initial determination of whether or not it is obligated to defend from the facts alleged in the complaint against its insured." Garvis v. Emp'rs Mut. Cas. Co., 497 N.W.2d 254, 258 (Minn. 1993) (citations omitted).  In sum, "[w]here the pleadings do not raise a claim arguably within the scope of coverage, the insurer has no duty to

defend or investigate further to determine whether there are other facts present which trigger such a duty." Id. (citations omitted).

"The insured bears the initial burden of proving prima facie coverage of a third-party claim under a liability insurance policy." Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co., 819 N.W.2d 602, 617 (Minn. 2012) (citation omitted). Upon a showing of prima facie coverage, the "insurer has the burden of proving a policy exclusion applies." Hubred v. Control Data Corp., 442 N.W.2d 308, 310 (Minn. 1989) (citation omitted). Policy exclusions are strictly construed against the insurer. Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 880 (Minn. 2002).

Selective argues that Smart Candle cannot establish a prima facie case of coverage. Smart Candle responds that the allegations in the Underlying Action arguably assert claims of slogan infringement, which is covered by the "personal and advertising injury" portions of the Policy. Because the Policy does not define "slogan" and the term is unambiguous, it must be read according to its popular and ordinary meaning. See Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc., 762 N.W.2d 572, 575 (Minn. 2009). A slogan is defined as "(1) a word or phrase used to express a characteristic position or stand[4] or a goal to be achieved [or] (2) a brief

---

[4] Smart Candle attempts to distort this definition, arguing that a slogan is a "characteristic[,] position or stand." Def.'s Mem. Supp. ¶ 8 (alteration in original). The court does not find such spurious punctuation persuasive.

7

attention-getting phrase used in advertising or promotion." Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 546 (8th Cir. 2012) (citing Merriam-Webster's Collegiate Dictionary 1174 (11th ed. 2005)) (internal quotation marks omitted). A phrase may conceivably function as both a trademark and a slogan. Cf. Wozniak Travel, 762 N.W.2d at 578 (finding that in the absence of a policy exclusion, allegations of trademark infringement may constitute title infringement and trigger coverage).

To determine whether "Smart Candle" qualifies as a slogan, the court examines "the allegations in the [Underlying Action] and facts in the record regarding what [Selective] knew or could have reasonably ascertained about [Smart Candle's] actual use of the words ['Smart Candle']." Interstate Bakeries, 686 F.3d at 546 (citation omitted). Importantly, however, "the lack of any specific allegation [in the Underlying Action] relating to ... use [as a slogan], along with [the insured's] failure to identify any instance of such a use that would have been readily ascertainable by [the insurer] at the time the claim was filed, defeats [the] claim for a defense under the policy." Id. at 546.

Here, Smart Candle argues that the Underlying Action arguably alleges slogan infringement, as Excell alleged that Smart Candle used the "trademark for its products *and to promote and sell products* using the Smart Candle trademark and name." Am. Compl. Ex. B, at ¶ 48 (emphasis added); see also id. ¶ 54 (alleging that Smart

8

Candle used the "Smart Candle" mark, trade name and domain name "to promote, market, and sell"). Excell, however, explicitly based its complaint on the improper use of "Smart Candle" as a mark, trademark, trade name and name, and the improper use of "smartcandle.com" as a domain name. See, e.g., id. at ¶¶ 35-36, 52. Although the court must examine the facts alleged in an underlying complaint, rather than the labels used to characterize the claims, no reasonable jury could find that such oblique references to promotion and marketing — without more — are sufficient to arguably state a claim for slogan infringement. See Ross v. Briggs & Morgan, 540 N.W.2d 843, 848 (Minn. 1995) ("Neither the complaint nor the amended complaint alleged a claim of ... infringement of ... slogan. To equate one set of claims with those covered under the policy is to engage in a far too generous reading of the complaint ....").

Smart Candle further argues that Selective should have examined uses of the term "smart" as a slogan on its website. However, "[w]here the pleadings do not raise a claim arguably within the scope of coverage, the insurer has no duty to ... investigate further to determine whether there are other facts present which trigger such a duty." Garvis, 497 N.W.2d at 258 (citations omitted). As already explained, "none of the facts alleged in [the Underlying Action] put [Selective] on notice of a claim within the policy coverage," and Selective had "no obligation ... to have

9

investigated beyond the four corners of the complaint."[5]  Id. at 258-59.

Finally, "[i]t is well-established that general contract principles govern the construction of insurance policies, and that insurance policies are to be interpreted to give effect to the intent of the parties."  Thommes, 641 N.W.2d at 879 (citation omitted).  "Renaming the trademark infringement and unfair competition claims pled in the [underlying] litigation 'slogan infringement' in an effort to afford policy coverage would render

---

[5] Smart Candle argues that Selective admitted having "reviewed Smart Candle's website and advertising" in its answer to Smart Candle's counterclaim, presumably apprising it of the use of "Smart Candle" as a slogan.  Def.'s Mem. Opp'n 13.
  As already explained, however, Selective was under no obligation to look outside the four corners of the complaint in the Underlying Action to determine if its duty to defend was triggered.  Garvis, 497 N.W.2d at 258-59.  Even if Smart Candle could show that Selective viewed its website or advertising, Smart Candle fails to show that an examination of these materials would have revealed facts demonstrating that the Underlying Action arguably alleged slogan infringement.  See id. at 258 (noting that the duty to defend may be triggered notwithstanding a contrary initial determination if an insurer becomes aware of "facts indicating that there may be a claim, either from ... the complaint, or if the insured tells the insurer of such facts, or if the insurer has some independent knowledge of such facts" (citation omitted)).
  Here, the website and advertising materials Smart Candle identifies did not reveal any facts that the Underlying Action concerned slogan infringement claims.  Indeed, these materials use the word "smart," not the term "Smart Candle."  Countercl. Exs. C, D.  Excell's allegations in the Underlying Action, however, relate to the use of the term "Smart Candle."  See, e.g., Am. Compl. Ex. B, at ¶ 41.  As a result, even if the court were to construe Selective's answer as an admission that it viewed the website and advertising materials, no reasonable jury could find that such examination would have revealed facts indicating an arguable slogan infringement claim.

the policy exclusion for claims of trademark infringement meaningless." Interstate Bakeries Corp. v. OneBeacon Ins. Co., 773 F. Supp. 2d 799, 815 (W.D. Mo. 2011), aff'd, 686 F.3d 539 (8th Cir. 2012). According to Smart Candle's theory, "any claim involving the alleged misuse of a trademarked name would be covered by the policy as a potential cause of action for slogan infringement.  Such an interpretation is contrary to the plain language of the policy and standard rules of contract interpretation." Id. at 815-16.  As a result, Smart Candle cannot establish prima facie coverage, and summary judgment for Selective is warranted.[6]

**III. Declaratory Judgment**

As already explained, Smart Candle has failed to establish a prima facie case of coverage, and coverage is further barred by the trademark and domain name infringement exclusions.  The court finds that the duty to defend is not triggered because no claim in the Underlying Action is arguably within the scope of the Policy. Moreover, "the duty to defend is broader than the duty to indemnify." Wooddale Builders, Inc. v. Md. Cas. Co., 722 N.W.2d 283, 302 (Minn. 2006) (citations omitted).  As a result, because

---

[6] Moreover, because "Smart Candle" is a trademark and "smartcandle.com" is a domain name, the trademark and domain name exclusions expressly bar coverage. See, e.g., VonderHaar Aff. Ex. 5, at BP00030110-38, CXL40403-4.  For this additional reason, summary judgment is warranted.

11

there is no duty to defend under the Policy, Selective also has no duty to indemnify Smart Candle.  Therefore, a declaratory judgment in favor of Selective is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

    1.   Plaintiff's motion for summary judgment [ECF No. 17] is granted.

    2.   Defendant's motion for partial summary judgment [ECF No. 20] is denied.

    3.   Plaintiff's motion to strike pleading [ECF No. 29] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 14, 2014

                                                      s/David S. Doty
                                                      David S. Doty, Judge
                                                      United States District Court